# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**DENALI WATER SOLUTIONS LLC**                                                              **PLAINTIFF**

**V.**                                          **4:24CV0660 JM**

**BENJAMIN C. FLAHART, HARTLAND FARMS LLC, HARTLAND FARMS INC., KILBY FARMS LLC**                        **DEFENDANTS**

## ORDER

On November 19, 2025, the parties appeared before the Court for a hearing on Denali Water Solutions LLC's ("Denali") Motion for Preliminary Injunction. At the conclusion of the hearing, the parties requested additional time to submit amended briefings which the Court granted. Briefing is now complete.

As the parties argued at the hearing, the Court must consider "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). No single factor is dispositive, but the movant must establish a threat of irreparable harm. *Id.* Irreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages. *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009) Without such a finding, a preliminary injunction should not be issued. *Randolph v. Rodgers*, 170 F.3d 850, 856 (8th Cir. 1999). "The party seeking injunctive relief bears the burden of proving these factors." *Lankford v. Sherman,* 451 F.3d 496, 503 (8th Cir. 2006).

After consideration of the witnesses' testimony, review of the parties' briefs, and the law, the Court finds that Denali has failed to carry its burden of establishing a necessary and sufficient risk of irreparable harm. The evidence in the record shows that Denali's harm has been, and can continue to be, calculated and quantified in monetary damages. There is no evidence that the injury of lost customers or lost sales could not be remediated with money damages or that the alleged amount of monetary loss could threaten the existence of Denali's business. *See Packard Elevator v. I.C.C.*, 782 F.2d 112, 115 (8th Cir. 1986) ("Recoverable monetary loss may constitute irreparable harm only where the loss threatens the very existence of the [petitioner]'s business.").

Obviously, having found little evidence to establish irreparable harm to Denali, the Court's finding regarding the balance of harms also weighs in favor of the Defendants. The Court sees little evidence that Denali is being irreparably harmed, and according to the testimony of Mr. Flahart his companies need the revenue from its CES business to remain viable. (Hearing Tr. at 4:04:50-59). Because a preliminary injunction is an extraordinary remedy never awarded as of right, the Court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24, (2008) (quoting *Amoco Production Co. v. Gambell*, 480 U.S. 531, 542 (1987)). Granting an injunction could effectively close Defendants' business—so, accordingly, the balance of harms tips toward Defendants.

For these reasons, Denali's Motion for Preliminary Injunction (Dkt. No. 33) is DENIED.

IT IS SO ORDERED this 11th day of December, 2025.

_____
James M. Moody Jr.

United States District Judge